**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Joseph Anthony Favors, | Case No. 21-cv-0395 (NEB/DTS) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Gary Tallefson, et al., | |
| Defendants. | |

This Court previously ordered plaintiff Joseph Anthony Favors to submit financial information establishing his eligibility for *in forma pauperis* ("IFP") status. *See* Dkt. No. 5. Favors has now submitted the required financial information in other litigation filed in this District. *See Favors v. Internal Revenue Service*, No. 21-cv-0359. Although there are remaining inconsistencies in the information provided to this Court over the years by Favors, *see* Compl. at 14 [Dkt. No. 1] (noting that Favors has recently procured financial settlements in other litigation), this Court is reasonably satisfied that Favors would have been unable to pay the filing fee for this matter at the time he submitted his complaint.

That said, an action may be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007).  The complaint must "state a claim to relief that is plausible on its face."  *Id.* at 570.  In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced.  *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Despite the overlong 41-page complaint, this matter is relatively straightforward. Favors is a convicted sex offender and a client of the Minnesota Sex Offender Program (MSOP).  MSOP policy permits clients to possess and use credit cards or other credit accounts, but only with the prior approval of MSOP staff.  *See* Compl. at 7-8.  Among the factors to be considered in determining whether to allow the requesting MSOP client to use credit is the client's monthly income, his current debt and other financial obligations, his financial management history, and his willingness to adhere to a budget.  *Id.* at 8.

Favors requested permission in December 2019 to use a credit card already in his ownership and was instructed that he would first be required to pay down most of his outstanding debt.  *See* Compl. at 13.  According to the complaint, Favors mostly complied with this request until he owed only about $500.00 on a single credit card.  *Id.* at 14.[1] Nevertheless, Favors was denied permission to use a credit card by defendant Machelle Sexe, who denied the request without explanation.  *Id.* at 15-16.  Favors alleges that this denial—and the delay in subsequent requests for permission to use credit—violates his constitutional rights in multiple respects.  He also seeks to bring claims under state law.

---

[1] It is not entirely clear *when* Favors owed only $500.00 on this account.  By the time he filed this action, Favors owed (according to his IFP application) $3,000 in various liabilities, "excluding car loans and real estate mortgage/loans."  Dkt. No. 2 at 2.

Few (if any) of Favors's myriad constitutional claims are spelled out in detail despite the verbosity of the pleading. For example, Favors speculates that the denial of the use of credit may have been retaliation (in violation of his First Amendment rights) for his filing of lawsuits against MSOP officials in the past, but there is no real basis in the complaint upon which to believe this is true. To establish a claim under the First Amendment, Favors must establish that the adverse action taken against him would not have been taken but for his speech. *See Beaulieu v. Ludeman*, 690 F.3d 1017, 1026-27 (8th Cir. 2012). Even if everything in the complaint is accepted as true, there is little basis upon which a factfinder could conclude that MSOP officials would not have taken the same action in the absence of Favors's protected speech. Indeed, the complaint suggests exactly the opposite: Favors acknowledges that he had remaining debt and very little income. *See* Compl. at 13-14. These are exactly the considerations that MSOP policy requires officials to consider in determining whether to authorize use of credit accounts. *Id.* at 8.

Favors also alleges that the denial of the use of credit constitutes a violation of his equal-protection rights because other MSOP clients have used credit cards despite having higher amounts of debt. *See* Compl. at 12. "The Equal Protection Clause generally requires the government to treat similarly situated people alike." *Klinger v. Dep't of Corrections*, 31 F.3d 727, 731 (8th Cir. 1994). "Absent a threshold showing that [he] is similarly situated to those who allegedly receive favorable treatment, the plaintiff does not have a viable equal protection claim." *Id.* The inquiry into whether comparators are similarly situated is context-sensitive and depends upon the government action being challenged. *Id.* In this matter, Favors acknowledges that MSOP policy requires officials to investigate multiple aspects of a client's finances before authorizing use of credit. *See*

3

Compl. at 8.  The complaint, however, alleges that Favors and the clients who Favors regards as similarly situated are comparable in only one respect: amount of overall debt. Nothing is known from the pleading regarding the other factors on which MSOP officials may have concluded that those clients could be permitted to use a credit account.  Put another way, Favors has not identified a client who is necessarily similarly situated to him for purposes of the MSOP policy at issue.  The equal-protection claim fails on that basis.

Favors's other constitutional claims are no more viable.  The claim that the denial of the use of a credit card under MSOP policy is so shocking to the conscience as to interfere with Favors' right to substantive due process is borderline frivolous.  *See Norris v. Engles*, 494 F.3d 634, 637-38 (8th Cir. 2007) (standard of review for substantive-due-process claim); *Karsjens v. Piper*, 845 F.3d 394, 408 (8th Cir. 2017) (noting that the "high standard" of review requires conduct that is "so severe . . . so disproportionate to the need presented, and . . . so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." (Quotation omitted).  Favors also alleges that the defendants should be liable for "deliberate indifference," Compl. at 23, by which Favors seems to mean that the defendants intentionally (rather than merely negligently) violated his constitutional rights.  But intentionality is a general requirement of intentional torts brought under § 1983, *see, e.g.*, *Daniels v. Williams*, 474 U.S. 327, 328 (1986), not a stand-alone constitutional tort in and of itself; in any event, as just explained, Favors has not adequately alleged that his constitutional rights were violated.

Favors also alleges that the actions of the MSOP officials violated state law.  The Court lacks original jurisdiction over these claims, and the Eighth Circuit has instructed district courts not to extend supplemental jurisdiction to state-law claims where, as

recommended here, all claims over which the court has original jurisdiction have been dismissed prior to trial.  *See Hervey v. County of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).  Accordingly, the Court recommends that all state-law claims raised by Favors be dismissed without prejudice for lack of jurisdiction and that all federal-law claims be dismissed without prejudice pursuant to § 1915(e)(2)(B) for failure to state a claim on which relief may be granted.

**RECOMMENDATION**

For the reasons set forth above, the Court RECOMMENDS:

1.      This matter be DISMISSED WITHOUT PREJUDICE as follows:

      a.      The claims under federal law raised by plaintiff Joseph Anthony Favors be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

      b.      The claims under state law raised by Favors be dismissed without prejudice for lack of jurisdiction.

2.      Favors's application to proceed *in forma pauperis* [Docket No. 2] be DENIED in light of the recommendation of dismissal.


Dated: May 24, 2021                          __s/David T. Schultz_____
                                             DAVID T. SCHULTZ
                                             U.S. Magistrate Judge


**NOTICE**

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).