UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY FAVORS, | Case No. 21-CV-395 (NEB/DTS) |
| Plaintiff, | |
| v. | ORDER ACCEPTING REPORT & RECOMMENDATION |
| GARY TALLEFSON, MACHELLE SEXE,[1] NANCY JOHNSTON, and JODI HARPSTEAD, | |
| Defendants. | |

Joseph Anthony Favors, a client of the Minnesota Sex Offenders Program ("MSOP") in Saint Peter, Minnesota, sued various MSOP employees (collectively, "Defendants") under 42 U.S.C. Section 1983, alleging that their actions violated several of his constitutional rights; Favors also brought state law claims. In a Report and Recommendation, (ECF No. 6 ("R&R")), United States Magistrate Judge David T. Schultz recommends dismissing the Section 1983 claims for failure to state a claim and dismissing the state law claims for lack of jurisdiction. (R&R at 5.) Favors objected.[2] (ECF No. 7

---

[1] Favors spells Sexe's first name both "Machelle" and "Michelle." In the absence of any clarification, the Court uses "Machelle" as it is the spelling used in the caption of Favors's Complaint.

[2] In his objection, Favors asserts that he will seek to amend the Complaint and he also included some new factual allegations in his objection. (*E.g.*, ECF No. 7 at 13–16.) Favors has filed no such motion but, in accordance with the Court's obligation to construe *pro se* pleadings liberally, the Court construes Favors's objection as including both a motion to

("Obj.").) For the following reasons, the Court overrules Favors's objection, accepts the R&R, denies his motion to amend, and dismisses the Complaint without prejudice.

## BACKGROUND

Favors does not object to the R&R's recitation of the facts and the Court therefore incorporates it by reference. (R&R at 2.) Favors includes other allegations which the Court recites here; the Court also includes certain facts from the Complaint necessary to contextualize Favors's new claims.[3]

Favors is a convicted sex offender and a client of the MSOP. (*Id.* at 2.) The MSOP permits clients to use and possess credit cards, but only if they first obtain approval from MSOP staff. (*Id.*) A client's monthly income, current debt status, debt management history, willingness to adhere to a budget, and any other financial obligations are relevant considerations for the MSOP to use in deciding whether to permit a client to use credit cards. (*Id.*)

In December 2019, Favors sought permission to use a credit card he already owned, but the MSOP instructed him to pay down his other outstanding debts first. (*Id.*)

---

amend and a proposed Amended Complaint. The Court accordingly considers, as Judge Schultz did, whether Favors states a claim or whether the Court may dismiss the Amended Complaint under 28 U.S.C. Section 1915(e)(2)(B)(ii).

[3] In his filings, Favors refers to certain exhibits that he claims support his allegations. (*E.g.*, Compl. at 12.) These exhibits are nowhere present in the record, however, and thus the Court cannot consider them. *See Favors v. Chase Bank USA, N.A.*, No. A20-642, 2021 WL 79935, at *1 n.2 (Minn. Ct. App. Jan. 11, 2021) ("While Favors's complaint refers to attached exhibits, . . . he did not file any attachments with the complaint.").

2

Favors complied and eventually reduced his obligations to $500 on one credit card.[4] Sexe, an Operations Director with the MSOP, denied his request without explanation, a denial that Favors asserts violates both his constitutional rights and state law. (*Id.*)

Favors has also filed many lawsuits while a client of the MSOP, some against MSOP employees (including Defendants), some against non-MSOP-affiliated entities. *E.g.*, *Favors v. Stoesz*, No. 21-CV-1381 (JRT/LIB) (D. Minn.); *Favors v. Chase Bank USA, N.A.*, No. A20-642, 2021 WL 79935 (Minn. Ct. App. Jan. 11, 2021). Favors asserts that certain actions that Defendants have taken here are in retaliation for at least one of these lawsuits. (ECF No. 1 ("Compl.").)

Judge Schultz construed the Complaint as raising the following claims: retaliation in violation of the First Amendment, violation of the Fourteenth Amendment's guarantee of equal protection, and violation of substantive due process, as well as state law claims. (R&R at 3–5.) Judge Schultz recommended dismissing each claim. (*Id.* at 5.) Favors objects to each recommendation. (Obj.) In addition to his objections, Favors's proposed Amended Complaint appears to assert an Eighth Amendment retaliation claims, as well as claims against other MSOP employees. (*E.g.*, *id.* at 20, 21.)

---

[4] Judge Schultz noted that it was unclear at what point Favors had reduced his amounts due to $500 because his application to proceed *in forma pauperis* stated that he owed at least $3,000. (R&R at 2 n.1.) Favors asserts that this $3,000 amount is an error left over from a previous filing. (Obj. at 8 n.5.) Resolution of this question has no bearing in the resolution of Favors's case.

**ANALYSIS**

The Court reviews the portions of the R&R to which Favors objects *de novo*. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). It reviews the remaining portions of the R&R for clear error. Fed R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). Because Favors is proceeding *pro se*, the Court construes his objection liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

*First Amendment*. To plausibly plead a First Amendment retaliation claim, Favors must allege three elements: (1) he took constitutionally protected action; (2) "the defendant took adverse action against him that would chill a person of ordinary firmness from continuing" that action; and (3) that the exercise of constitutional rights motivated, at least in part, the adverse action. *Eggenberger v. W. Albany Twp.*, 820 F.3d 938, 943 (8th Cir. 2016) (quotation omitted). The chilling inquiry is objective; that is, the Court asks whether a reasonable person would feel chilled by the adverse action. *Id*.

Favors appears to allege that the MSOP's decision to deny him the use of his credit cards is based on his filing of lawsuits against the MSOP and its employees. (Obj. at 3.) Filing a lawsuit is ordinarily a protected activity, so the Court assumes that Favors meets the first element. *Eggenberger*, 820 F.3d at 943. The Court also assumes that denying him the use of his credit card constitutes an "adverse action." And although the Court questions whether Favors has adequately alleged that this action would chill further protected conduct (as it has certainly not chilled his—and he has not well alleged the

4

circumstances of the adverse action Defendants allegedly took), it does not matter. Favors has not plausibly alleged that his filing the lawsuit motivated the decision to deny him the use of his credit cards. The Complaint does not identify when Favors sought access to his credit cards (other than sometime in December 2019) or when Defendants denied him that access. (Compl. at 14–16.) Favors clarifies this to some extent in his objection, stating that he filed the lawsuit for which Defendants retaliated against him on January 28, 2020. (Obj. at 3.) But the Complaint does not allege when the credit card denial occurred. Even if the denial occurred immediately after the filing of the lawsuit, temporal proximity alone may be insufficient to establish a causal connection. *See Johnson v. Ark. State Hosp.*, 282 F. App'x 497, 499 (8th Cir. 2008) (affirming grant of summary judgment when temporal proximity of two and four months was sole record evidence of causation). Absent any specific allegation of the timing of the credit card denial, Favors has not plausibly alleged the necessary connection between the lawsuit and the credit card denial to state a First Amendment retaliation claim.

And contrary to Favors's assertions, Judge Schultz did not require him to "adduce direct evidence of a retaliatory motive." (Obj. at 3.) Rather, the R&R correctly applied the *Iqbal/Twombly* pleading standard that requires Favors to plead a claim to relief that is plausible on its face, taking the factual allegations as true and making all reasonable inferences in a plaintiff's favor. (R&R at 1–2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("To

5

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (quotation omitted).

*Eighth Amendment Retaliation*. Favors also appears to allege that Defendants retaliated against him in violation of the Eighth Amendment. (Compl. at 3.) The contours of the Eighth Amendment right to be free from retaliation are similar to those in the First Amendment context: a prisoner (here, an MSOP client like Favors) must (1) "exercise[] a constitutionally protected right"; (2) receive discipline from the institution detaining him; and (3) the motivation for the discipline must be the exercise of the right. *Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007). This is a "heavy" burden and "[m]erely alleging that an act was retaliatory is insufficient." *Id.*

Favors's Eighth Amendment retaliation claims fails for the same reason that his First Amendment claim does: he has not pleaded a plausible connection between any adverse action and any protected conduct.

*Equal Protection*. Favors's equal protection claims fare no better. In order to successfully bring a "class-of-one" equal protection claim, the Court's threshold inquiry is whether Favors has alleged that he is "similarly situated to others who allegedly received preferential treatment." *Robbins v. Becker*, 794 F.3d 988, 996 (8th Cir. 2015) (quotation omitted). "'To be similarly situated for purposes of a class-of-one equal-protection claim, the persons alleged to have been treated more favorably must be identical or directly comparable to the plaintiff in all material respects.'" *Id.* (quoting *Reget*

*v. City of La Crosse*, 595 F.3d 691, 695 (7th Cir. 2010)). Favors has not alleged that he is "identical or directly comparable . . . in all material respects" to others he alleges received more favorable treatment (i.e., Defendants permitted them to use their credit cards).

Favors alleges that the MSOP considers several factors in making a decision on credit card usage: current monthly income; current total debt; other financial obligations; personal financial history, including saving and spending practices; and willingness to follow a budget and be financially responsible. (Compl. at 8.) Favors alleges that he meets these conditions. But he does not allege that any other MSOP clients who were permitted to use credit cards met these conditions. For example, Favors alleges that "EG" owes "thousands" on his credit cards and Defendants permitted him to use his credit cards, but Favors does not allege EG's income, debt and other obligations, or financial history. (Compl. at 12.)

Favors also asserts that Judge Schultz erred by misclassifying his equal protection claim, and that the real substance of his claim is that Defendants imposed upon only him—and not other MSOP clients who requested permission to use their credit cards—a "bogus" treatment program called an "I.P.P." (Obj. at 8, 13–14.) But this fails for the same reason: Favors has not identified other inmates who made the same request but were not placed on an I.P.P. Therefore, Favors has not alleged the existence of others who are similarly situated "in all material respects" and therefore his equal protection claim fails.

*Substantive Due Process*. Favors also attacks the R&R for applying the wrong legal standard to his substantive due process claim. (Obj. at 22–25.) The R&R applied the "shocks the conscience" standard. (R&R at 4.) Favors, on the other hand, contends that "deliberate indifference" is the proper standard. (Obj. at 23–24.) Because Favors's claims fail under either standard, the Court applies the "deliberate indifference" standard.[5]

Under the deliberate indifference standard, to allege a valid claim, the plaintiff must show "something more than negligence but less than actual intent to harm; it requires proof of a reckless disregard of the known risk" of a constitutional deprivation. *Scott v. Baldwin*, 720 F.3d 1034, 1036 (8th Cir. 2013) (quotation omitted). Favors has not alleged a constitutional right of which Defendants deprived him (to the extent that he asserts that use of a credit card is such a right, he has identified no authority supporting this assertion), nor has he alleged anything that would permit a reasonable inference that Defendants recklessly disregarded a known risk of such deprivation. Favors's substantive due process claim therefore fails.

*New Claims*. The Amended Complaint also appears to assert new claims against several other persons who Favors has sued in other cases currently pending in this district.[6] (Obj. at 15.) The allegations connected to these purported defendants (Michael

---

[5] The Court neither assumes nor decides which standard is correct, but applies the lower standard to test Favors's claims.

[6] Favors references a "First Supplemental Pleading," but there is no such document before the Court. (Obj. at 15.)

Hettig, Malea Stoesz, Al Asplaend, and Paul Rodriguez, potentially among others) do not appear to be new claims, only similar claims brought against new parties, based on similar allegations about credit card use, although they appear to relate to unauthorized credit card use, rather than a denial of authorization to use a credit card. (*Id.* at 13–17, 20.) These claims fail for the same reasons detailed above.

*State Law Claims*. If a district court dismisses all claims over which it has original jurisdiction prior to trial, it may decline to exercise supplemental jurisdiction over related claims over which it does not have diversity jurisdiction. 28 U.S.C. § 1367; *Hervey v. Cnty. of Koochiching*, 527 F.3d 711, 726–27 (8th Cir. 2008). As the Court has concluded that Favors has not stated any claims over which it has original jurisdiction, it declines to exercise supplemental jurisdiction over Favors's state law claims.

**CONCLUSION**

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Favors's Objection (ECF No. 7) is OVERRRULED;

2. The R&R (ECF No. 6) is ACCEPTED;

3. Favors's Motion to Amend (ECF No. 7) is DENIED;

4. Favors's application to proceed *in forma pauperis* (ECF No. 2) is DENIED AS MOOT; and

9

5. The Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: July 15, 2021					BY THE COURT:

							s/Nancy E. Brasel
							Nancy E. Brasel
							United States District Judge